954 So.2d 750 (2007)
WESTPORT RECOVERY CORPORATION, Appellant,
v.
Nancy MIDAS, Patrick Midas, Jr., Vincent P. Gentile, and Madeline A. Gentile, Appellees.
No. 4D06-2506.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
*751 Robert D. Friedman of Friedman & Greenberg, P.A., Plantation, for appellant.
Assad S. Mirza of Mirza & Mirza, LLP, Pembroke Pines, for appellees.
STONE, J.
We affirm an order dismissing Westport's action for declaratory relief.
Westport, the holder of a final judgment against Nancy Midas in the sum of $80,000.00, levied upon the right, title and interest of Nancy Midas in the real property at issue. The property was titled in Midas' name subject to a life estate in Vincent and Madeline Gentile, who had placed title in her name, reserving the life estate.
Following the levy, in August 2004, the Gentiles filed a notice of homestead on the property. The notice contended that the sheriff's notice of levy did not constitute a valid execution on the property or on the Gentiles; the Gentiles claimed they had no obligation under the judgment and that Midas held title only as trustee and had no ownership interest or title in the property.
In August 2004, Nancy Midas executed a declaration claiming that she held title solely as trustee and was not the owner of, nor did she have any interest in, the property.
It is undisputed that the "right, title and interest of Nancy Midas" in the property was sold at a sheriff's sale, in September 2004, to a third party and that Westport collected $120,512.68. There is no indication in the record that Westport will not retain this sum, and there is no claim that the third party purchaser was related to either side.
The Gentiles filed a motion to quash the writ of execution and to vacate the levy and sheriff's sale. A hearing was held, and in September 2004, the court entered an order denying the Gentiles' motions. The court found the Gentiles' life estate interest was not affected by the sheriff's sale, as only Nancy Midas' interest was levied upon. The court rejected the Gentiles' assertion that the quit-claim deed did not grant an interest in the property to Midas and found adversely to the Gentiles' assertion that they had more than a life estate interest in the property.
In this action against Midas, her son, and the Gentiles, Westport sought a declaratory judgment that the notice of homestead filed by the Gentiles did not affect any interest Westport may have had in the property. Westport filed a motion for summary judgment, claiming there was no genuine issue of material fact and that Westport was entitled to judgment as a matter of law, declaring that the notice of homestead filed by the Gentiles did not affect any interest Westport may have had in the property by virtue of the lien against Midas' interest. The Gentiles filed a cross-motion for summary judgment.
The trial court concluded that because the property was sold at the sheriff's sale, with the buyer taking subject to any rights the Gentiles may have, Westport's interest in the property had been sold, and only the new owner had any real interest in the Gentiles' status vis-a-vis the property.
Over Westport's objection that it was merely asking for a denial of the defendant's motion for summary judgment and its request "to basically dismiss the case as it is without any sort of prejudice," the court orally pronounced it was dismissing the case because it was "moot" due to Westport's having no further interest in the Gentiles' homestead claims as to the *752 property. The court also denied Westport's motion for summary judgment. We note that at no time has Westport asserted any claim as to the Gentiles.
Section 222.01, Florida Statutes, Designation of Homestead by Owner Before Levy, provides, in relevant part:
A lien pursuant to chapter 55 of any lienor upon whom such notice is served, who fails to institute an action for a declaratory judgment to determine the constitutional homestead status of the property described in the notice of homestead or to file an action to foreclose the judgment lien, together with the filing of a lis pendens in the public records of the county in which the homestead is located, within 45 days after service of such notice shall be deemed as not attaching to the property by virtue of its status as homestead property as to the interest of any buyer or lender, or his successors or assigns, who takes under the contract of sale or loan commitment described above within 180 days after the filing in the public records of the notice of homestead. This subsection shall not act to prohibit a lien from attaching to the real property described in the notice of homestead at such time as the property loses its homestead status.
§ 222.01(4), Fla. Stat. (2006).
Whether a party is the proper party with standing to bring an action is a question of law to be reviewed de novo. To have standing, a party must establish an injury that may be redressed by the requested relief. "The party must allege that he has suffered or will suffer a special injury. . . . Thus, the court must determine whether the plaintiff has a sufficient interest at stake in the controversy which will be affected by the outcome of the litigation." Wexler v. Lepore, 878 So.2d 1276, 1280 (Fla. 4th DCA 2004) (internal citations omitted); see also Pandya v. Israel, 761 So.2d 454 (Fla. 4th DCA 2000); Peregood v. Cosmides, 663 So.2d 665 (Fla. 5th DCA 1995).
Further, a party seeking declaratory relief must show that:
there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So.2d 1190, 1192-93 (Fla.1995) (citations omitted).
We conclude that the trial court correctly recognized that Westport no longer had a stake in whether the Gentiles' interest in the property was protected by homestead. As to that issue, Westport had no real interest in determining the homestead status of the property once the property was sold. Westport has made no allegation and offered no evidence that it had suffered or would suffer a special injury, but has only argued it has standing because of the possibility of a future action by the Gentiles or Midas under section 222.01, or an action to set aside the sale.
The issue of whether the Gentiles' claim of homestead prevented execution of the *753 sheriff's levy ceased to exist when the sale was completed. Further, it cannot be said that there would be collateral legal consequences affecting Westport that would flow from the declaratory relief sought, as Westport did not levy against the Gentiles' homestead interest.
The trial court did not err in recognizing that any interest Westport had in bringing a declaratory action terminated when the property was sold and it collected the money owed under the judgment. Standing to bring a declaratory action requires a real existing controversy. Here, there is nothing but the possibility that the Gentiles could sue to set the sale aside and refund the money paid, but at this point, such is speculation and not a real controversy involving Westport.
FARMER and MAY, JJ., concur.