COPE, J.
 

 This is an appeal of a summary judgment in a mortgage foreclosure action. We remand for further proceedings.
 

 Deutsche Bank National Trust Company, as trustee, filed a complaint seeking to reestablish a lost promissory note and foreclose a mortgage on a home in Miami-Dade County. According to the complaint, the loan was made in 2006 and went into default on August 1, 2008. The borrowers filed a pro se answer.
 

 After the case had been pending for two months, the borrowers obtained counsel who filed an answer and affirmative defenses. The Bank filed a motion for summary judgment and the borrowers filed an affidavit in opposition.
 

 At the hearing on the motion for summary judgment, the main issue under discussion was whether the Bank had standing. The Bank has filed the assignment in its favor and we agree that standing has been satisfactorily established.
 

 At the hearing, the borrowers argued that the Bank had failed to address their affirmative defenses, and argued that discovery had been propounded to the Bank which had not been answered. The trial court entered summary judgment, in the borrowers have appealed.
 

 The borrowers argue that the Bank failed to address their affirmative defenses. The Bank acknowledges that when counsel entered the case on behalf of the borrowers, he filed an amended answer and affirmative defenses. The Bank responds that this should not have been considered. The Bank points out that more than twenty days had elapsed after the filing of the pro se answer, so that counsel needed to obtain leave of court in order to file an amended answer and affirmative defenses.
 
 See
 
 Fla. R. Civ. P. 1.190(a). The borrowers had filed a motion for leave to amend, but it had not been ruled on. We reject the Bank’s argument because the Bank did not make an objection on this ground when the summary judgment motion was argued before the trial court.
 
 *909
 
 The answer and affirmative defenses were treated as having been properly filed.
 
 *
 

 Turning to the merits, “[t]he party moving for summary judgment must factually refute or disprove the affirmative defenses raised, or establish that the defenses are insufficient as a matter of law.” Kendall Coffey,
 
 Foreclosures in Florida
 
 493 (2008) (citing
 
 Stop & Shoppe Mart, Inc. v. Mehdi,
 
 854 So.2d 784 (Fla. 5th DCA 2003);
 
 Manassas Inn, Inc. v. O’Hanrahan,
 
 817 So.2d 1080 (Fla. 2d DCA 2002)). The Bank’s motion failed to address the affirmative defenses. Among these were a claim that the defendants had not received a notice of acceleration and right to reinstate. Such a notice appears to be required by this mortgage.
 

 We therefore reverse the summary judgment and remand for further proceedings. This ruling is without prejudice to the Bank to file a renewed motion for summary judgment which addresses the affirmative defenses. Because we have affirmed on the issue of standing, no further proceedings need be conducted on that issue. We express no opinion on the factual or legal merit of the remaining affirmative defenses, which should be addressed in the first instance by the trial court.
 

 The borrowers also maintained that the Bank incorrectly calculated the amount due by not considering two late payments, and claimed that late charges after acceleration should not have been added into the total amount.
 
 See Maung v. National Stamping, LLC,
 
 842 So.2d 214, 216 (Fla. 3d DCA 2003). On remand the borrowers must file a more specific affidavit stating the amounts for which they contend they should be given credit.
 

 We note that some of the affirmative defenses and statements in the affidavit in opposition are conclusory. “Where there are no facts pled to support general allegations of affirmative defenses, the defenses are legally insufficient.” Kendall Coffey,
 
 supra,
 
 at 493 (citing
 
 Southern Waste Sys., LLC v. J & A Transfer, Inc.,
 
 879 So.2d 86, 87 (Fla. 4th DCA 2004)).
 

 At the summary judgment hearing, the borrowers also maintained that summary judgment should not be granted because of pending discovery. To the extent that the pending discovery was directed to the issue of standing, that issue is moot. To the extent that pending discovery is pertinent to any remaining issue, that should be addressed on remand in the trial court.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
 

 *
 

 Had an objection been made, we are confident the trial court would have granted leave for the filing of the amended answer and affirmative defenses, to replace the earlier pro se filing. The case had only been pending two months when counsel had filed the amended answer and affirmative defenses promptly after entering his appearance.