PER CURIAM.
 

 The issue presented in this appeal is whether the trial court erred in granting a final summary judgment of foreclosure where appellee failed to file with the court a copy of the original note and mortgage prior to the entry of judgment. Because the absence of the original note created a genuine issue of material fact regarding appellee’s standing to foreclose on the mortgage, summary judgment was not proper. We reverse.
 

 In November 2008, appellee filed an unverified complaint against appellant, seeking both foreclosure of the mortgage and reestablishment of the lost promissory note. Appellant attached to the complaint a copy of the mortgage it sought to foreclose, but this document identified Bankers Express Mortgage, Inc. as the lender and mortgagee. An adjustable rate rider and prepayment penalty rider also identified Bankers Express as the lender and mortgagee.
 

 Appellant answered and denied all of the allegations in appellee’s complaint. In addition, appellant asserted affirmative defenses that appellee was not “in privity” with the lender and mortgagee and that appellee lacked standing to seek foreclosure.
 

 Appellee filed for summary judgment on the foreclosure count alone. In support of its motion, appellee filed an affidavit from a representative of the loan servicing company who stated the total amount due on the mortgage. The affidavit did not indicate that appellee was an owner or holder of the mortgage and note, and no documentary evidence was appended to the affidavit. The trial court granted appel-lee’s motion for summary judgment. The record on appeal contains no indication that appellee filed the original note with the trial court.
 
 [1]
 

 Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). The court may consider “affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence” on which the parties rely. Fla. R. Civ. P. 1.510(c). The court must draw “every possible inference” in favor of the non-moving party.
 
 Edwards v. Simon,
 
 
 *1107
 
 961 So.2d 973, 974 (Fla. 4th DCA 2007). The facts must be “so crystallized that nothing remains but questions of law.”
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985.) The moving party bears the burden of showing the complete absence of genuine issues of material fact.
 
 Frost v. Regions Bank,
 
 15 So.3d 905, 906 (Fla. 4th DCA 2009). Moreover, the “party moving for summary judgment must factually refute or disprove the affirmative defenses raised, or establish that the defenses are insufficient as a matter of law.”
 
 770 PPR, LLC v. TJCV Land Trust,
 
 30 So.3d 613, 618 (Fla. 4th DCA 2010) (quoting
 
 Leal v. Deutsche Bank Nat’l Trust Co.,
 
 21 So.3d 907, 909 (Fla. 3d DCA 2009)). We review de novo an order granting summary judgment.
 
 Frost,
 
 15 So.3d at 906.
 

 “The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.”
 
 Lizio v. McCullom,
 
 36 So.3d 927, 929 (Fla. 4th DCA 2010). A plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under section 673.3091, Florida Statutes.
 
 State St. Bank & Trust Co. v. Lord,
 
 851 So.2d 790, 791 (Fla. 4th DCA 2003). Moreover, if the note does not name the plaintiff as the payee, the note must bear a special indorsement in favor of the plaintiff or a blank indorsement.
 
 Riggs v. Aurora Loan Servs., LLC,
 
 36 So.3d 932, 933 (Fla. 4th DCA 2010). Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note.
 
 Verizzo v. Bank of N.Y.,
 
 28 So.3d 976 (Fla. 2d DCA 2010);
 
 Stanley v. Wells Fargo Bank,
 
 937 So.2d 708 (Fla. 5th DCA 2006).
 

 The record on appeal does not contain the original note, evidence of an assignment of the mortgage and note to appellee, or an affidavit of ownership by appellee. Appellee filed no other admissible “pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials” to support its contention that it owns and holds the note and mortgage. Fla. R. Civ. P. 1.510(c). “[I]t is apodictic that summary judgments may not be granted ... absent the existence” of admissible evidence in the record.
 
 TRG-Brickell Point NE, Ltd v. Wajsblat,
 
 34 So.3d 53, 55 (Fla. 3d DCA 2010). Without evidence demonstrating appellee’s status as holder and owner of the note and mortgage, genuine issues of material fact remain, and summary judgment was improper.
 

 Appellee argues on appeal that it presented to the trial court a copy of the original note and an affidavit of ownership at the summary judgment hearing. Ap-pellee concedes, however, that the documents were not filed with the clerk of the court until several days after the entry of summary judgment. The documents were not part of the record at the time the motion for summary judgment was granted, so we cannot determine whether the trial court considered those documents in rendering its decision.
 
 See Poteat v. Guardianship of Poteat,
 
 771 So.2d 569 (Fla. 4th DCA 2000) (noting that an appellate court may review only items considered by the trial court). Because appellant does not stipulate that the documents were considered at the hearing, and because appellee has not sought relief in the trial court to recreate the record, we must reverse the order granting summary judgment. We cannot rely on the representations of counsel alone.
 
 Wright v. Emory,
 
 41 So.3d 290, 292 (Fla. 4th DCA 2010) (“[An] attorney’s unsworn, unverified statements do not establish competent evidence.”).
 

 
 *1108
 
 Even if the trial court considered the note and mortgage at the hearing, the documents were not authenticated, filed, and served more than twenty days before the hearing as required by Rules 1.510(c) and 1.510(e). Appellee’s failure to abide by these rules also necessitates reversing the order granting summary judgment.
 
 Verizzo,
 
 28 So.3d at 977-78;
 
 Mack v. Commercial Indus. Park, Inc.,
 
 541 So.2d 800 (Fla. 4th DCA 1989).
 

 Accordingly, we reverse the entry of final summary judgment in favor of appel-lee and remand for further proceedings. We note that a summary judgment motion may be filed “at any time” under Rule 1.510(a), and “this opinion does not preclude a re-filing of such motion if and when the necessary legal documents are before the court.”
 
 Mack,
 
 541 So.2d at 800.
 

 Reversed and remanded.
 

 WARNER, POLEN and LEVINE, JJ., concur.
 

 [1]
 

 . Appellee has twice moved this court to supplement the record on appeal to include a copy of the original note and mortgage it claims to have filed at the summary judgment hearing. This court denied the motions with leave for appellee to seek relinquishment of jurisdiction to the trial court to recreate the record. Appellee has not sought leave to recreate the record in the court below. Likewise, appellee has not designated any transcripts to support its position.