STEVENSON, J.
 

 This appeal stems from a complaint of foreclosure filed by the appellee, Wells Fargo Bank, N.A., as trustee (“Bank”), against the appellants David Rigby and Kathlyn Rigby. The trial court entered final summary judgment. Because Bank failed to meet its burden on summary judgment, we reverse.
 

 The Bank filed its complaint on May 21, 2008, and attached a mortgage that named Option One Mortgage Corporation (“Option One”) as the lender. Subsequently, the Bank filed an assignment of mortgage, from Option One to Bank, dated May 22, 2008, as well as the undated original note containing a special endorsement in favor of Bank. The parties proceeded to discovery and Bank sought an admission from the Rigbys acknowledging that they had previously received notice that the note and mortgage had been transferred to Bank. The Rigbys failed to respond to this request. Bank then filed a motion for summary judgment, attaching an affidavit wherein the affiant swore that Bank was holder and owner of the mortgage. Based
 
 *1196
 
 on this record, the trial court entered summary judgment. A trial court’s entry of summary judgment is reviewed de novo.
 
 See Frost v. Regions Bank,
 
 15 So.3d 905, 906 (Fla. 4th DCA 2009).
 

 The Bank failed to establish that it had standing to foreclosure upon the note. “A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.”
 
 McLean v. JP Morgan Chase Bank Nat’l Ass’n,
 
 79 So.3d 170, 173 (Fla. 4th DCA 2012). To establish standing, the plaintiff must submit the note bearing a special endorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note.
 
 Servedio v. U.S. Bank Nat’l Ass’n,
 
 46 So.3d 1105, 1107 (Fla. 4th DCA 2010). “A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing.”
 
 Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC,
 
 75 So.3d 773, 776 (Fla. 4th DCA 2011). The Bank has not shown that it was holder of the note at the time the complaint was filed. The note containing a special endorsement in favor of Bank was not dated. The assignment of mortgage, dated May 22, 2008, indicates that Bank did not acquire the mortgage until the day after the complaint was filed. Finally, neither the affidavit, nor the technical admissions made by the Rigbys, establishes the date on which Bank acquired possession of the note and there is no evidence in the record establishing that an equitable transfer of the mortgage occurred prior to the date the complaint was filed.
 
 See McLean,
 
 79 So.3d at 174 (reversing final summary judgment of foreclosure because ap-pellee bank failed to establish standing where mortgage was assigned to bank three days after lawsuit was filed; note contained undated special endorsement in favor of bank; and affidavit in support of summary judgment failed to indicate that bank became equitable owner of note and mortgage prior to date lawsuit was filed).
 

 Reversed.
 

 WARNER and CONNER, JJ., concur.