MAY, C.J.
A homeowner appeals a Final Judgment of Foreclosure. She argues the trial court erred in entering the final judgment because the special indorsement on the note refers to a non-party to the foreclosure proceedings. We agree and reverse.
The homeowner moved to dismiss the Complaint, and then before a ruling on the motion, answered asserting affirmative defenses. The case proceeded to a bench trial. At trial, the lender produced the original note. The note promised “to pay to the order of EXPRESS EQUITY LENDING GROUP, LLLP, ITS SUCCESSORS AND OR ASSIGNS AS THEIR INTERESTS MAY APPEAR.” The following language appeared on the back of the original note:
PAY TO THE ORDER OF:
U.S. Century Bank
7575 West Flagler Street
Miami, Florida 33144
With Recourse,
EXPRESS EQUITY LENDING GROUP, LLLP.
During the bench trial, the lender’s counsel elicited the following testimony from the lender’s president:
Q: Okay. Could you explain what the [¡Indorsement is; what it means on the back of the note?
A: Basically, we have a mortgage warehouse agreement where we — where each note is provided as a collateral to a separate mortgage warehouse agreement that we have.
Q: Okay.
A: And the loan itself is Express Equity’s, but we have a separate agreement with our mortgage warehouse, that in the event that we would default in that separate warehouse agreement, then they would be able to foreclose on us, and then eventually foreclose on the real estate. The ownership is Express Equity’s. What we do is convey a security interest in that mortgage on a separate mortgage warehouse agreement.
*967 Q: Okay. So has Express Equity maintained ownership on the subject note since its inception?
A: Yes.
On redirect examination, the president offered the following testimony as to the lender’s standing to foreclose on the mortgage:
Q: Who is the owner and holder of the loan?
A: Express Equity Lending Group.
Q: Okay. You’re testifying to that notwithstanding the stamp pay to the order of U.S. Century Bank with recourse Express Equity Lending Group on the back of this note?
A: I’m sorry, I don’t understand the question.
Q: Has ownership of the note ever transferred, notwithstanding this document?
A: No. As I mentioned before, we’re a mortgage lender. Under a separate mortgage warehouse lending agreement, we endorsed that mortgage, okay, or that note I should say, to pledge a security interest only, not ownership. The intent is that if we were to default on our mortgage warehouse lending agreement, then they could in turn enforce and eventually foreclose on that. However, we would have to be, in other words, we would have to be in default, like the current loan is in default, and yet they’re not here raising or defending or fighting the Plaintiff. Are they? It’s Express Equity. I brought the note. We’re the owners.
The trial court entered a Final Judgment of Foreclosure in favor of the lender. The homeowner now appeals.
The homeowner argues that the trial court erred in entering a final judgment of foreclosure because the lender did not own or hold the note. The lender did not file an answer brief.
We have de novo review of whether a party has standing to bring an action. Westport Recovery Corp. v. Midas, 954 So.2d 750, 752 (Fla. 4th DCA 2007).
Section 673.2051(1), Florida Statutes (2009), provides, in pertinent part:
If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a “special indorsement.” When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the in-dorsement of that person.
“A crucial element of any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.” McLean v. J.P. Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “To establish standing, the plaintiff must submit the note bearing a special [ijndorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note.”[1] Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012).
Here, the lender did not have standing to foreclose. Although the lender’s president testified that the lender was the owner and holder of the note, the special indorsement appearing on the back of the original note suggests otherwise. Under section 673.2501(1) and Rigby, the *968 special indorsement stating “pay to the order of U.S. Century Bank” established that only U.S. Century Bank had standing to bring the foreclosure action.
We therefore reverse the Final Judgment of Foreclosure and remand for further proceedings.

Reversed and Remanded.

GERBER and LEVINE, JJ., concur.

. A plaintiff may also establish standing by any means identified in section 673.3011, Florida Statutes (2012).