GERBER, J.
The borrower appeals from the circuit court’s foreclosure judgment for the bank. The borrower argues that the bank did not have standing to pursue the foreclosure action because it acquired the note and mortgage and was substituted as the plaintiff during the pendency of the action. We disagree with the borrower’s argument because the original lender possessed the note and mortgage when it filed suit against the borrower before assigning the note and mortgage to the bank during the pendency of the action. Thus, we affirm the foreclosure judgment.
We recognize that on repeated occasions, we have held that “a party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing.” See, e.g., Gascue v. HSBC Bank, U.S.A., 97 So.3d 263, 264 (Fla. 4th DCA 2012); Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012); Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC, 75 So.3d 773, 776 (Fla. 4th DCA 2011). However, in each of those cases, the party which filed suit did not have standing to file suit because the party did not own, or had not been assigned, the note and mortgage at the time the party filed suit. See Gascue, 97 So.3d at 264-65; Rigby, 84 So.3d at 1196; Venture Holdings, 75 So.3d at 775 n. 1.
Here, though, the party which filed suit — the original lender — had standing to file suit at its inception because it owned the note and mortgage at the time it filed suit. Thus, unlike the situations in Gas-cue, Rigby, and Venture Holdings, this is a situation where the party which filed suit had standing to file suit at its inception, and merely assigned the note and mortgage during the pendency of the suit to another party, which then was substituted properly as the plaintiff. See Fla. R. Civ. P. 1.260(c) (2006) (“In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.”) (emphasis added). As a result, no standing defect exists.
We have considered the borrower’s other arguments on appeal, and conclude without further discussion that those arguments also lack merit.

Affirmed.

GROSS and FORST, JJ., concur.