DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SHAWN BOYD,**
Appellant,

v.

**WELLS FARGO BANK, N.A.**, AS TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2006-1 ASSET-BACKED CERTIFICATES
SERIES 2006-1; **MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.**, AS NOMINEE FOR HOME LOAN CENTER, INC., D/B/A
LENDING TREE LOANS; **STEPHEN G. BOYD** A/K/A **STEPHAN G.
BOYD; JOHN DOE; JANE DOE**, AS UNKNOWN TENANT(S) IN
POSSESSION OF THE SUBJECT PROPERTY,
Appellees.

No. 4D13-208

[August 6, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Diana Lewis, Judge; L.T. Case No. 502008CA003564
XXXXMB.

Russell L. Akins of Jeffrey A. Smith Law Group, Stuart, for appellant.

K. Denise Haire and Michael A. Rodriguez of Blank Rome LLP, Boca
Raton, for appellee Wells Fargo Bank, N.A.

STEVENSON, J.

Shawn Boyd appeals from a final judgment of foreclosure. Because
Wells Fargo failed to prove it had standing at the time it filed its foreclosure
complaint, we reverse.

Wells Fargo filed its foreclosure complaint in February of 2008.
Attached to this complaint was a mortgage showing DCS Mortgage, Inc.,
as the lender. DCS Mortgage then assigned the mortgage to Option One.
Nowhere in the record is there an indication that Option One assigned the
mortgage to Wells Fargo.

A *de novo* standard of review applies when reviewing whether a party

has standing to bring an action. *Dixon v. Express Equity Lending Grp., LLLP,* 125 So. 3d 965, 967 (Fla. 4th DCA 2013) (citing *Westport Recovery Corp. v. Midas,* 954 So. 2d 750, 752 (Fla. 4th DCA 2007)).

"'The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.'" *Servedio v. U.S. Bank Nat'l Ass'n,* 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010) (quoting *Lizio v. McCullom,* 36 So. 3d 927, 929 (Fla. 4th DCA 2010)). To satisfy this burden, Wells Fargo was required to submit either "the note bearing a special endorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note." *Rigby v. Wells Fargo Bank, N.A.,* 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012) (citing *Servedio,* 46 So. 3d at 1107).

Here, Wells Fargo has provided no documentation which establishes that it had standing at the time it filed the foreclosure complaint. *See Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC,* 75 So. 3d 773, 776 (Fla. 4th DCA 2011) ("A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing."). Although Wells Fargo eventually did file an Allonge to Note bearing a special endorsement in favor of it, the Allonge itself contains no date. *See Rigby,* 84 So. 3d at 1196 ("The Bank has not shown that it was holder of the note at the time the complaint was filed. The note containing a special endorsement in favor of Bank was not dated."). Moreover, Wells Fargo was apparently never assigned the mortgage and the note. The only assignment in the record is from DCS to Option One. Finally, Wells Fargo did not submit "an affidavit of ownership proving its status as holder of the note." *Id.* (citing *Servedio,* 46 So. 3d at 1107).

Accordingly, we reverse the final judgment of foreclosure.

*Reversed.*

Ciklin and Forst, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***