DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LIRRIS SMITH GALLIMORE,**
Appellant,

v.

**BANK OF AMERICA, NATIONAL ASSOCIATION**, as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3,
Appellee.

No. 4D13-3269

[February 17, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 2009CA003580.

Brian K. Korte of Korte & Wortman, P.A., West Palm Beach, for appellant.

William L. Grimsley and N. Mark New, II of McGlinchey Stafford, Jacksonville, for appellee.

CONNER, J.

Appellant, the Homeowner, appeals the trial court's final judgment of foreclosure in favor of Appellee, the Bank. The Homeowner makes several arguments on appeal. We agree with the Homeowner that the Bank failed to prove it had standing at the time suit was filed, and therefore reverse. Because we reverse based on the lack of standing, we do not address the Homeowner's additional arguments on appeal.

*Factual Background and Trial Court Proceedings*

In January 2009, the Bank filed a two-count complaint against the Homeowner. Count I sought mortgage foreclosure and Count II sought enforcement of a lost note. The subject note and mortgage were signed on January 19, 2007, and both list Encore Credit Corp. ("Encore") as the

lender.[1]  The copy of the note attached to the complaint did not contain any indorsements or alloneges.  There were no allegations of transfer of the note in the complaint.

Subsequently, the Bank moved to amend its complaint, dropping the lost note count.[2]  Attached to a proposed amended complaint was a copy of the original note, which included an undated blank indorsement on the back of the last page of the note.  The Bank did not obtain a pretrial order granting leave to amend the complaint.[3]

The case proceeded to a non-jury trial in August 2013.  The Bank's sole witness testified that she worked for "SPS," the servicer for the Bank.  On cross-examination, the witness admitted that SPS became the servicer only two months before trial.  The Bank's witness gave little testimony about the indorsement on the note.  In fact, the only significant testimony regarding the indorsement was that the witness saw the indorsement on a copy of the note in SPS's system in June of 2013.

When the Bank attempted to introduce the original note at trial, the Homeowner objected, arguing that the original note was never produced prior to trial and that she was surprised by the blank indorsement and was not aware that the lost note count had been dropped.  After failing to find any order dropping the lost note count or notice of voluntary dismissal of the lost note count, the Bank moved to amend the pleadings to conform to the evidence, since it had the original note at trial.  The trial court granted the "motion to drop," overruled the objections to the admission of the original note into evidence, and subsequently entered a judgment of foreclosure.  The Homeowner gave notice of appeal.

*Appellate Analysis*

We review *de novo* whether a party has standing to bring an action. *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th

---

[1] The mortgage indicates that MERS (Mortgage Electronic Registration Systems, Inc.) is the nominee for the lender and the mortgagee.  The note makes no reference to MERS.

[2] Additionally, the amendment sought to correct the principal balance due, drop a named defendant as a party, and show that the right to enforce the note had been transferred after suit was filed to U.S. Bank National Association, as trustee and successor in interest to Bank of America, as trustee.

[3] Presumably because the Bank never set the motion to amend for a hearing or obtained an order granting the amendment, the trial court issued the final judgment in favor of the initial plaintiff.

2

DCA 2013) (citing *Westport Recovery Corp. v. Midas*, 954 So. 2d 750, 752 (Fla. 4th DCA 2007)).

"[T]he plaintiff must prove that it had standing to foreclose when the complaint was filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). In the instant case, the Bank was not the original lender for the note and mortgage. If a note does not name the initial plaintiff as payee, then to establish standing, evidence at trial must be presented to prove that, at the time suit was filed, the note bore a special indorsement in favor of the initial plaintiff, a blank indorsement, or a transfer of the note in compliance with the Uniform Commercial Code that entitles the initial plaintiff to an indorsement.[4]  *See* § 673.2031(3), Fla. Stat. (2015) ("[I]f an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made."); *Joseph v. BAC Home Loans Servicing, LP*, 155 So. 3d 444, 446 (Fla. 4th DCA 2015) (explaining that if a note does not name the plaintiff as payee, then it must bear a special endorsement in favor of the plaintiff or a blank endorsement); *see also Kenney v. HSBC Bank USA, Nat'l Ass'n*, 175 So. 3d 377, 379 (Fla. 4th DCA 2015) (reciting that a plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement or proof of an assignment of the note); *Ryan v. Wells Fargo Bank, N.A.*, 142 So. 3d 974 (Fla. 4th DCA 2014).

Since it is undated, the indorsement in this case does not facially establish that it was placed on the note prior to the filing of the complaint. Additionally, there was no testimony by the Bank's witness as to *when* the indorsement was placed on the note, or that the indorsement was on the note at the time suit was filed. Instead, all the witness could say was that she saw the indorsement on a copy of the note in SPS's system in June of 2013, over four years after the complaint was filed. Likewise, the copy of the note that was attached to the complaint did not exhibit an indorsement; thus, there was no circumstantial evidence that the note was

---

[4] In addition to proving to whom the note was payable or a transfer of the instrument that establishes entitlement to an indorsement, evidence must be presented that the initial plaintiff had possession of the note at the time suit was filed. *See* § 673.3011, Fla. Stat. (2015) (requiring possession of the note to enforce it, except when the plaintiff is proceeding on a lost note or a mistakenly cancelled note).

indorsed before suit was filed. There was also no evidence that there was an assignment of the note or mortgage.

We conclude from the appellate record that the Bank presented no evidence at trial proving it had standing at the time the complaint was filed. We therefore reverse the final judgment of foreclosure and remand with instructions that the trial court enter an order granting the Homeowner's motion for involuntary dismissal. *See Klemencic v. U.S. Bank Nat'l Ass'n,* 142 So. 3d 983, 984 (Fla. 4th DCA 2014).

*Reversed and remanded with instructions.*

WARNER and LEVINE, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***