On Motion for Rehearing

MAY, J.
The bank moved for rehearing and for rehearing en banc. In its motion, it suggests that we have blurred the standard of review applicable to standing issues. We disagree. We deny the motion for rehearing, but issue this opinion to clarify the standard of review.[1]
The borrowers appealed a final judgment of foreclosure. They argued the trial court erred in entering the filial judgment of foreclosure because the bank lacked standing,, a pure question of law. We agreed and reversed.
Because standing is a pure question of law, the standard of review is 'de novo. Sosa v. Safeway Premium Fin. Co., 73 So.3d 91, 102 (Fla.2011); Dixon v. Express Equity Lending Grp., LLLP, 125 So.3d 965, 967 (Fla. 4th DCA 2013) (citing Westport Recovery Corp. v. Midas, 954 So.2d 750, 752 (Fla. 4th DCA 2007)); see also Hepworth v. Wells Fargo Bank, N.A., 180 So.3d 1170, 1173 (Fla. 4th DCA 2015) (citation omitted).
Competent substantial evidence applies when we review a trial court’s factual findings, including those pertaining to standing, See, e.g., Bank of N.Y. Mellon Tr. Co., N.A. v. Conley, 188 So.3d 884, 884 (Fla. 4th DCA 2016); Amanzimtoti Props., LLC, v. Ocwen Loan Servicing, LLC, No. 4D15-2466, *1, 204 So.3d 468, 466 (Fla. 4th DCA June 22, 2016). In foreclosure cases, we may be asked to review such findings.
Many of our decisions on this and other issues are decided based upon the arguments presented to us. We do not formulate those arguments, but are required to rule on them. This may account for what the bank perceives as a confusion about the standards of review.
Here, the borrowers argued the bank failed to prove standing—a legal issue for which we have de novo review. See Elston/Leetsdale, LLC v. CWCapital Asset Mgmt. LLC, 87 So.3d 14, 16 (Fla. 4th DCA 2012) (citation omitted). Interestingly, in the standard of review section of its answer brief, the bank cited neither de novo nor substantial competent evidence as the standard, but instead relied on the presumption. of correctness and the abuse of *456 discretion standard for admissibility of evidence.
There was a void in the evidence in this case. As we stated in our opinion: “Simply put, the bank failed to prove the al-longe was specially endorsed in its favor and affixed to the original note prior to filing its complaint. It failed to prove standing.” Elman v. U.S. Bank, N.A., 41 Fla. L. Weekly D872, D873, 204 So.3d 452, 455 (Fla. 4th DCA Apr. 6, 2016).
DAMOORGIAN and GERBER, JJ., concur.

. We note that Donna L. Eng is now affiliated with Mrachek, Fitzgerald, Rose, Konopa, Thomas & Weiss, P.A.