IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

US BANK NATIONAL ASSOCIATION
AS TRUSTEE, ETC.,

      Appellant,

 v.

Case No.  5D14-4033

JAMES W. LAIRD AND
KAREN A. CRANE, ET AL.,

      Appellees.

_____/

Opinion filed July 1, 2016

Appeal from the Circuit Court
for Osceola County,
Robert J. Pleus, Jr., Senior Judge.

Kimberly S. Mello, Jonathan S. Tannen, and
John A. Wirthlin, of Greenberg Traurig, P.A.,
Tampa, Michele L. Stocker, of Greenberg
Traurig, P.A., Ft. Lauderdale, for Appellant.

Thomas Erskine Ice, Amanda Lundergan and
Steven J. Brotman, of Ice Appellate, Royal
Palm Beach, for Appellees.

PER CURIAM.

In this foreclosure case, Appellant challenges the final order entered following a

bench trial in which the trial court denied Appellant's request for the entry of a final

judgment of foreclosure and dismissed the action based upon Appellant's failure to

establish standing at the inception of the lawsuit and failure to satisfy a condition precedent of providing notice of acceleration as required by paragraph 22 of the mortgage. We reverse.

We apply a de novo standard of review in determining whether a party has standing to bring an action. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014) (citing *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013)). A party seeking foreclosure has the burden to establish that it had standing at the time it filed the foreclosure complaint. *Id.* (citation omitted). Here, Appellant was not the original lender. However, if the promissory note does not name the plaintiff as the payee, the plaintiff may still foreclose if the note bears either a specific endorsement in favor of the plaintiff or a blank indorsement. *See Riggs v. Aurora Loan Servs., LLC.*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010). Appellant attached to its complaint a copy of the note and a copy of an allonge which contained a specific indorsement in favor of Appellant. Appellant later filed with the court the original note and allonge in the same condition as the copies attached to the complaint. This was sufficient to establish that Appellant had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action. *See Ortiz v. PNC Bank, Nat'l Ass'n*, 188 So. 3d 923, 925 (Fla. 4th DCA 2016). Although Appellant's witness at trial did not know the specific date that the indorsement was placed on the allonge, this is not critical here because, logically, the indorsement had to have occurred prior to the complaint being filed.

As to the second basis for dismissing the action, the trial court essentially concluded that Appellant's evidence at trial was insufficient to establish that it timely

mailed notice of acceleration to Appellees. Paragraph 22 of the mortgage contains various conditions precedent with which Appellant was required to comply before bringing the foreclosure action, including that Appellant had to provide Appellees thirty days' notice of the default on the note and the right to reinstate the loan. The acceleration letter from the loan servicer that was admitted into evidence was dated January 18, 2009, was correctly addressed to Appellees' address, and provided the requisite thirty days' notice under paragraph 22. However, in its final order, the trial court noted that January 18, 2009, was a Sunday and found that the evidence presented by Appellant at trial regarding the mailing of the letter was contradictory. Essentially, the trial court determined that the evidence presented was not competent to establish that Appellant mailed the January 18 letter on Sunday, January 18. We disagree.

Paragraph 15 of the mortgage permitted Appellant to send the notice letter in question by first class mail. Appellant's primary witness at trial testified that the date on the letter from the servicer of the note was the date the letter was drafted and mailed. Also admitted into evidence were business records from the servicer indicating that the letter was crafted and mailed on January 18, 2009. Although the witness later testified that she was uncertain whether the servicer worked on Sundays, she clarified that she did not work on weekends and never definitively testified that the servicer did not work on Sundays. Thus, the evidence was not contradictory.

Accordingly, we reverse the final order of dismissal and remand for a new trial.

REVERSED and REMANDED.

SAWAYA, EVANDER and LAMBERT, JJ., concur.

3