IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NATIONSTAR MORTGAGE, LLC,

      Appellant,

 v.                                    Case No. 5D16-3492

BO CHAN,

      Appellee.
_____/

Opinion filed August 18, 2017

Appeal from the Circuit Court
for Seminole County,
Robert J. Pleus, Jr., Senior
Judge.

Nancy M. Wallace, of Akerman LLP,
Tallahassee, William Heller, of Akerman
LLP, Fort Lauderdale, and Scott R. Stengel,
of Akerman LLP, Orlando, for Appellant.

Kelley A. Bosecker, St. Petersburg, for
Appellee.


PER CURIAM.

Nationstar Mortgage, LLC, ("Appellant") appeals the trial court's involuntary

dismissal of its action for foreclosure of a promissory note and mortgage at the close of

its case-in-chief during trial. We reverse.

The case began when the original lender, Bank of America, N.A., filed a one-count

complaint against the Appellee and her husband to foreclose on the note and mortgage

that it held on Appellee's real property.[1]  Bank of America alleged that although it was no longer the owner of the note, it was the holder of the note and servicer of the loan, and it attached to its complaint a copy of the note and mortgage, with the note containing a blank indorsement.  Sometime thereafter, Bank of America filed the original note with this same blank indorsement with the clerk of court together with a certified copy of the mortgage, where they remained at the time of trial.  Bank of America later moved to amend its complaint to substitute Appellant as the party-plaintiff, alleging that the note and mortgage had been assigned to Appellant and that, as the holder, Appellant was now entitled to enforce the note and mortgage.  The motion was granted without objection.

At trial, Appellant moved the original note and the certified copy of the mortgage, that had previously been filed with the court, into evidence without objection.  Appellant also moved into evidence the demand letter sent pursuant to paragraph 22 of the mortgage and its payment history records establishing Appellee's default on the note and mortgage.  After Appellant concluded the presentation of its evidence and rested its case, Appellee moved for an involuntary dismissal.  The trial court granted Appellee's motion to dismiss, but it did so for reasons wholly unrelated to those argued by Appellee.  The court found that Appellant failed to establish standing at the time suit was filed, and it thereafter entered the final order of dismissal now on appeal.

"We apply a de novo standard of review in determining whether a party has standing to bring an action." *U.S. Bank Nat'l Ass'n v. Laird*, 200 So. 3d 176, 177 (Fla. 5th DCA 2016) (citing *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA

---

[1] Appellee's husband passed away during the litigation below and was dropped as a party.

2014)). "A party seeking foreclosure has the burden to establish that it had standing at the time it filed the foreclosure complaint." *Id.* (citing *Boyd*, 143 So. 3d at 1129).

Here, Appellant was not the original plaintiff; however, as the substitute plaintiff, Appellant "stands in the shoes of the original plaintiff/mortgagee," *Sandefur v. RVS Capital, LLC*, 183 So. 3d 1258, 1260 (Fla. 4th DCA 2016) (quoting *Miller v. Kondaur Capital Corp.*, 91 So. 3d 218, 219 (Fla. 4th DCA 2012)), and "acquires the standing (if any) of the original plaintiff at the time the case was filed." *Id.* (citing *Lewis v. J.P. Morgan Chase Bank*, 138 So. 3d 1212, 1213 (Fla. 4th DCA 2014)). In the instant case, the original plaintiff filed with the court the original note, with a blank indorsement, that was in the same condition as the copy that it attached to the initial complaint. This is sufficient to establish that the original plaintiff had standing to bring the foreclosure action, absent any evidence or testimony to the contrary (which there was none). Thus, the trial court erred in holding that Appellant, as the substituted plaintiff, failed to establish standing at the time suit was filed. *See Ortiz v. PNC Bank, Nat'l Ass'n*, 188 So. 3d 923, 925 (Fla. 4th DCA 2016); *Clay Cty. Land Trust No. 08-04-25-0078-014-27 v. JPMorgan Chase Bank, Nat'l Ass'n*, 152 So. 3d 83, 85 (Fla. 1st DCA 2014). Finally, we reject, without further comment, the remaining grounds asserted by Appellee for affirmance.

Accordingly, because Appellant had established standing at the inception of the suit, we reverse the order of involuntary dismissal and remand this case for a new trial.

REVERSED and REMANDED.

COHEN, C.J., SAWAYA and LAMBERT, JJ., concur.