IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF NEW YORK MELLON F/K/A
BANK OF NEW YORK SUCCESSOR
TRUSTEE TO JP MORGAN CHASE
BANK, N.A., AS TRUSTEE FOR THE
BEAR STEARNS ARM TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2003-7,

       Appellant,

 v.                                                                  Case No.  5D16-3372

WILLIAM M. THOMPSON, SHERI
THOMPSON, RESERVE AT TUSCAWILLA
COMMUNITY ASSOCIATION, INC.,
JUPITER HOUSE, LLC, E*TRADE BANK,

       Appellees.
_____/

Opinion filed December 8, 2017

Appeal from the Circuit Court
for Seminole County,
Michael Rudisill, Judge.

Adam M. Topel, of Liebler, Gonzalez &
Portuondo, Miami, for Appellant.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellee, Jupiter House, LLC.

No Appearance for Other Appellees.

PER CURIAM.

      Appellant challenges the lower court's order that involuntarily dismissed its

foreclosure case against Appellees.  The lower court concluded that Appellant failed to

establish its standing to foreclose and the superiority of its lien.  We reverse.

Appellant is correct that the lower court erred in its conclusion regarding standing. *See Bank of N.Y. Mellon v. Milford*, 206 So. 3d 137, 137-38 (Fla. 4th DCA 2016) (reversing order involuntarily dismissing foreclosure case for lack of standing where bank filed copy of note indorsed in blank with complaint and offered original note into evidence at trial; this evidence created inference that bank was in possession of note at time it filed complaint and, without evidence to contrary, this was sufficient to establish standing); *U.S. Bank Nat'l Ass'n v. Laird*, 200 So. 3d 176, 177 (Fla. 5th DCA 2016) (bank had standing to foreclosure where it attached to complaint copy of note and copy of allonge, which contained specific indorsement in favor of bank, and it later filed with court original note and allonge in same condition as copies attached to complaint).

We also agree that the lower court erred by dismissing the action for the failure of Appellant to allege or prove superiority of its lien. *See Black Point Assets, Inc. v. Fed. Nat'l Mortg. Ass'n*, 220 So. 3d 566 (Fla. 5th DCA 2017); *see also Bayview Loan Servicing, LLC v. Luciano Del Lupo*, 208 So. 3d 97, 97-98 (Fla. 4th DCA 2017) (reversing involuntary dismissal and remanding for new trial where plaintiff presented prima facie evidence of each element of foreclosure case).

REVERSED AND REMANDED for a new trial.

TORPY, EVANDER and LAMBERT, JJ., concur.