DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.N.** and **D.N.**,
Appellants,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
and **GUARDIAN AD LITEM,**
Appellees.

No. 4D22-2273

[February 8, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 312018DP000042.

Katie Jay and Sarah J. Campbell of Jay & Campbell, PLLC, Stuart, for appellants.

Stephanie C. Zimmerman, Deputy Director & Statewide Director of Appeals, Children's Legal Services, Bradenton, and Andrew Feigenbaum, Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian ad Litem office, Tallahassee, for appellee Guardian ad Litem.

WARNER, J.

Appellants K.N. and D.N., former caregivers to dependent children, appeal two orders entered in favor of appellees, the Florida Department of Children and Families ("DCF") and the Guardian ad Litem Program. The first order denied appellants' motion to intervene in the post-termination proceedings involving the children. The second order modified one child's placement with appellants. We affirm as to both orders, concluding that the court did not err in denying intervention, as the Florida Rules of Juvenile Procedure do not provide for party status to appellants under the circumstances of this case. For that reason, appellants do not have

standing to object to the order on modification of placement and have no right to appeal that order. We therefore affirm in part and dismiss in part.

After the parental rights to siblings A.L., a four-year-old girl, and S.R., a nine-year-old boy, were terminated, the children went through several placements. Although the children were sometimes together and sometimes apart, DCF desired and made efforts to keep them together.

The children were placed with appellants in January 2022. Appellants signed an agreement with DCF providing that: the children's placement with appellants could be terminated by either side at any time prior to legal adoption; appellants acknowledged DCF's commitment to keep the siblings in the same home as being in their best interest; if appellants terminated the placement of one of the children, DCF would terminate the custody of the other child to keep the children placed together; and appellants would not initiate adoption proceedings without DCF's consent.

Two months later, appellants returned S.R. to DCF, terminating his placement with them. According to Appellant K.N., S.R. attempted to smother his little sister. Within two weeks, appellants filed a petition to adopt A.L. A status hearing was held in July regarding the petition. Shortly thereafter, DCF conducted a multi-disciplinary review of A.L.'s placement. DCF could not verify appellants' claim of abuse by S.R. Even though A.L. had bonded with appellants, DCF recommended a change in placement so that the siblings could remain together.

DCF then filed a motion for modification of placement ("MOP") of A.L. Appellants filed a motion to intervene in the MOP hearing, and DCF filed an amended motion contending that appellants had attempted to thwart reunification between the siblings.

At the MOP hearing, DCF moved to strike appellants' motion to intervene. The court agreed that appellants did not have standing but allowed their status as participants. Their attorney remained at the hearing, and after the presentation of DCF's witnesses, appellants were allowed to testify in a narrative fashion regarding A.L.'s placement with them.

Appellants' attorney was also permitted to address the court in closing argument. She argued that appellants should be given party status, as they had petitioned to adopt A.L. On the merits, she argued that A.L. would be damaged by a change in placement and the facts did not show it was in A.L.'s best interest to be removed from appellants' care.

In rebuttal, DCF argued the evidence before the court showed MOP was in A.L.'s best interests. DCF argued sibling relationships are prioritized over nonrelative relationships. Finally, DCF disputed that appellants were a pre-adoptive placement because appellants had violated the agreement to adopt both of the children and the agreement to not initiate adoption without DCF's consent.

The trial court granted the MOP, and A.L. was removed from appellants' care. The court did not rule on the adoption petition. In the written order, the court denied the motion to intervene. This appeal followed.

Generally, the standard of review for an order denying a motion to intervene is abuse of discretion. *Hausmann ex rel. Doe v. L.M.*, 806 So. 2d 511, 513 (Fla. 4th DCA 2001); *De Sousa v. JP Morgan Chase, N.A.*, 170 So. 3d 928, 929 (Fla. 4th DCA 2015). However, the court struck appellants' motion for lack of standing, which is an issue of law reviewed de novo. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). Therefore, we apply a de novo standard of review.

All chapter 39 dependency proceedings are governed by the Florida Rules of Juvenile Procedure. § 39.013(1), Fla. Stat. (2022); Fla. R. Juv. P. 8.000. This includes MOP hearings. § 39.522(2), Fla. Stat. (2022); Fla. R. Jud. P. 8.345(a).

Appellants argue that they were indispensable parties, and as such, the court should have granted their motion to intervene in the dependency proceedings. We disagree.

Although the concept of intervention is liberally applied in general civil procedure, the Rules of Juvenile Procedure, not the Rules of Civil Procedure, apply in this case. *See In re Amends. to Fla. Rs. Juv. P.*, 608 So. 2d 478, 480 (Fla. 1992) ("Reference to the civil rules, previously found in rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure."). Accordingly, the liberal intervention standard of Florida Rule of Civil Procedure 1.230 does not apply in dependency proceedings.

To keep the focus on the children's best interests, the juvenile rules limit who may be a party to a dependency proceeding, designating other interested persons as participants with lesser rights:

> (a) Parties. For the purpose of these rules the terms "party" and "parties" shall include the petitioner, the child, the

parent(s) of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed.

(b) Participants. "Participant" means any person who is not a party but who should receive notice of hearings involving the child. *Participants include foster parents or the legal custodian of the child*, identified prospective parents, actual custodians of the child, grandparents entitled to notice of an adoption proceeding as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional participants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene and shall have no other rights of a party except as provided by law.

Fla. R. Juv. P. 8.210 (emphasis added); *see also* § 39.01(57), (58), Fla. Stat. (2022).

With respect to post-disposition changes of custody, Florida Rule of Juvenile Procedure 8.345 was amended to conform to section 39.522, Florida Statutes (2022), which circumscribes those persons entitled to limited party status for the purposes of changing custody. Rule 8.345 now reads:

(a) Motion for Modification of Placement. At any time before a child is residing in the permanent placement approved at the permanency hearing, a child who has been placed . . . under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. The court may enter an order making the change in placement without a hearing unless a party or the current caregiver objects to the change. If any party or the current caregiver objects to the change of placement, the court must conduct a hearing[.]

. . . .

(b) Standard for Changing Custody.

. . . .

(2) Rebuttable presumption.

4

. . . .

(C) Within 7 days after receiving written notice from the caregiver, the court must conduct an initial case status hearing, at which time the court must:

(i) grant *limited purpose party status to the current caregiver who is seeking permanent custody and has maintained physical custody of that child for at least 9 continuous months* for the limited purpose of filing a motion for a hearing on the objection and presenting evidence pursuant to this rule; . . .

. . . .

(iii) advise the caregiver of his or her right to retain counsel for purposes of the evidentiary hearing;

(Emphasis added). Thus, only those custodians who have had custody of a child for nine months are allowed even limited party status. As appellants had not met that threshold, they were not entitled to party status in the proceedings.

Appellants have cited numerous cases in support of their position. However, all predate the amendment of rule 8.345, limiting those persons who can be provided limited party status. Many also involve relatives of the child, who are in a different category than foster parents.

Appellants also claim that they should be entitled to party status because they have a fundamental liberty interest in protecting their relationship with A.L., as they have filed a petition to adopt her. However, only natural parents have a fundamental liberty interest in raising their children, and adoption is not a right but a statutory privilege. *Dep't of Health & Rehab. Servs. v. Cox*, 627 So. 2d 1210, 1216 (Fla. 2d DCA 1993), *aff'd in relevant part*, 656 So. 2d 902, 903 (Fla. 1995); *see also Buckner v. Family Servs. of Cent. Fla., Inc.*, 876 So. 2d 1285, 1288 (Fla. 5th DCA 2004) ("Unlike biological parentage, which [precedes] and transcends formal recognition by the State, adoption is wholly a creature of the State."). Appellants' status as petitioners for adoption does not provide them standing to intervene in the proceedings.

As A.L.'s foster parents, appellants were participants in her MOP hearing. Participants are entitled to notice and may be heard at the court's discretion, but "shall have no other rights of a party except as provided by

law." Fla. R. Juv. P. 8.210(b). Moreover, while a court "may add additional participants," that same language is absent from the definition of parties. *Id.* Its absence must be construed as intentional, as the Juvenile Rules Committee "knows how to say what it means, and its failure to do so is intentional." *Paragon Health Servs., Inc. v. Cent. Palm Beach Cmty. Mental Health Ctr., Inc.*, 859 So. 2d 1233, 1235 (Fla. 4th DCA 2003); *see also M.K. v. Dep't of Child. & Fams.*, 315 So. 3d 16, 17 (Fla. 4th DCA 2021) ("Construction of a procedural rule . . . is in accordance with the principles of statutory construction."). Appellants received all the procedural due process to which they were entitled under the statute and rules.

With respect to appellants' challenge to the MOP order, because they do not have standing as parties, they likewise do not have standing to appeal the order changing placement. *See In re M.V.-B.*, 19 So. 3d 381, 383 (Fla. 2d DCA 2009) (dismissing grandparents' appeal of a post-disposition order denying placement of child with them as they were not parties).

**Conclusion**

Appellants did not have standing to intervene in A.L.'s MOP hearing, as the juvenile rules bestow party status in MOP hearings only on current caregivers with at least nine months of custody. Appellants were not denied due process, because appellants were permitted to be heard. While they were not satisfied with the level at which they participated, the trial court did not have authority to grant to appellants the same rights as a party per rule 8.210(b). Moreover, unlike the prospective parents in the authorities cited by appellants, they were not long-term caregivers, nor relatives, nor approved by DCF or a court, nor selected by A.L.'s parents. Appellants did not have an assertable interest or a procedural basis to intervene in A.L.'s MOP hearing. We thus affirm the order striking their motion to intervene for lack of standing and dismiss their appeal of the order changing placement.

*Affirmed in part and dismissed in part.*

CIKLIN and FORST, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***