PER CURIAM.
Abdallah and Jennifer Boumarate appeal a final judgment of foreclosure entered in favor of HSBC Bank following a bench trial. This is the Boumarates’ second appeal in this case. They first appealed the trial court’s entrance of summary judgment in favor of the Bank, and this Court reversed. See Boumarate v. HSBC Bank USA, N.A. (Boumarate I), 109 So.3d 1239 (Fla. 5th DCA 2013). We again reverse.
At trial, the Bank introduced copies of the note and mortgage as well as a copy of the Boumarates’ loan transaction history. The note was made payable to Novelle Financial Services. The Bank’s only witness was Sandra Tramble, a loan analyst for Ocwen Financial. Ocwen Financial is the mortgage servicer for the Boumarates’ mortgage. Tramble testified that the account was in default as of February 2008. She further testified that the Bank possessed the note at the time that it filed the complaint and that the Bank had the right to enforce the note prior to filing the complaint. She stated that the Bank physically possessed the note when it was lost; however, she could not identify the circumstances surrounding the loss.
On cross-examination, Tramble admitted that she did not know who lost the note or when it was lost. She could not say whether the copy of the note that was lost contained an endorsement, allonge, or assignment. She did state that the transfer from Novelle to the Bank would be documented by the “PSA”[1] and any mortgage trust securities, which is “public knowledge.” However, those documents were never introduced into evidence. She also admitted that, in the documents she had seen during trial, nothing showed a transfer of the note from Novelle to the Bank.
The trial court ruled that, because the Bank had possession of the note, it was entitled to enforce it, and therefore, the Bank presented a prima facie case. The court then entered final judgment in favor of the Bank.
On appeal, the Boumarates argue that the Bank failed to prove its entitlement to enforce the lost note under section 673.3091, Florida Statutes (2014). Specifically, the Boumarates contend that the Bank failed to demonstrate: (1) the circumstances surrounding the loss of the note, and (2) how the Bank was entitled to enforce the note. The Bank responds that it established its right to enforce the note because Tramble testified that the Bank possessed the note when the complaint was filed, that it was entitled to enforce the note when it was lost, that the loss was not the result of a transfer or lawful seizure, and that the note could not be found.[2]
A plaintiff seeking to foreclose a mortgage must tender the original promissory note to the trial court or seek to reestablish the lost note pursuant to section 673.3091, Florida Statutes. Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213 (Fla. 5th DCA 2011). Section 673.3091 sets out when a person not in possession of a negotiable instrument may enforce the instrument:
(1) A person not in possession of an instrument is entitled to enforce the instrument if:
(a) The person seeking to enforce the instrument was entitled to enforce the *537 instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
(2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person’s right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.
§ 673.3091 (l)-(2), Fla. Stat. (2014).
In Boumarate I, this Court held that “the Bank must prove its right to enforce the note as of the date of the summary judgment hearing, including how it obtained the Novelle Financial Services note and the circumstances of its loss.” Because this was the law of the case, the trial court was bound to follow it. See, e.g., Brunner Enter., Inc. v. Dep’t of Revenue, 452 So.2d 550, 552-53 (Fla.1984). Nevertheless, to the extent that Boumarate I requires more than the statute does, it should be read narrowly.
For example, Boumarate I states that the Bank must prove “the circumstances of [the Note’s] loss.” The Bouma-rates interpret this to mean that the Bank must prove exactly when, how, and by whom the note was lost. But the statute requires no such proof. See § 673.3091, Fla. Stat.; see also Deakter v. Menendez, 830 So.2d 124, 127 (Fla. 3d DCA 2002) (“There is no requirement that [plaintiff] prove exactly how he lost possession of the note.... ”). Instead, the plaintiff must prove only that it was entitled to enforce the instrument when the loss of possession occurred. § 673.3091(l)(a), Fla. Stat. (2014). Accordingly, proving the “circumstances of [the Note’s] loss” is necessary only if it is required to prove that the plaintiff was entitled to enforce it when the loss occurred. Cf. Beaumont v. Bank of New York Mellon, 81 So.3d 553, 554-55 (Fla. 5th DCA 2012) (“This required Mellon to show it was entitled to enforce the note when it lost the instrument, or that it directly or indirectly acquired ownership from a person who was entitled to enforce the instrument when loss of possession occurred. Mellon failed to prove who lost the note and when it was lost, offered no proof of anyone’s right to enforce the note when it was lost, and produced no evidence of ownership, due to the transfer from Novastar to Mellon.” (citation omitted)).
The statute does require, however, that the plaintiff prove that it was entitled to enforce the note when it was lost. See § 673.3091(l)(a), Fla. Stat. For a plaintiff to be entitled to enforce a note, the note must name the plaintiff as the payee or bear a special or blank indorsement. See, e.g., McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012) (citing Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1106-07 (Fla. *538 4th DCA 2010); Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010)). Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership. Id. Boumarate I’s requirement that the Bank .prove “how it obtained the Novelle Financial Services note” is consistent with the statute.
Here, the trial court found that the Bank proved entitlement to enforce because “they. [i.e., the Bank] have possession of the note, that’s all they need.” The trial court’s ruling was erroneous. In order to enforce a negotiable instrument, the Bank must prove more than mere possession — it must prove its entitlement to enforce the instrument at the time of loss. The Bank, in this case, was unable to do so. The copy of the note introduced into evidence was payable to Novelle, not to the Bank, and it did not contain any indorse-ments. Nor was there any evidence of an assignment; in fact, the Bank’s sole -"witness did not know of any assignments or indorsements and could not otherwise explain how the Bank was entitled to enforce the note. In sum, the Bank failed to reestablish the lost note because it failed to prove by competent, substantial evidence that it was entitled to enforce the note at the time of its loss.
REVERSED.
EVANDER and COHEN, JJ., and ZAMBRANO, R.A., Associate Judge, concur.

. This was most likely a reference to the "Pooling and Servicing Agreement.”

. Hours before scheduled oral argument and after full briefing, the Bank conceded error and stipulated to the trial court's setting aside of the final judgment of foreclosure and entry of an order of involuntary dismissal.