DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIEGO CARTWRIGHT,**
Appellant,

v.

**LJL MORTGAGE POOL, LLC, RACHEL Y. YOUNG** a/k/a **RACHEL YOUNG** a/k/a **RACHAEL YOUNG, RODERICK YOUNG, JENNIFER YOUNG-CAMPBELL** and **AMBER LAKE HOMEOWNERS' ASSOCIATION, INC**
Appellees.

No. 4D14-2296

[ February 3, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 09-056679 CACE 11.

Stefanie Y. Parchment of Juan J. Perez & Associates, P.A., Pembroke Pines, for appellant.

Kimberly Hopkins and Ronald M. Gaché of Shapiro, Fishman & Gaché, LLP, Tampa, for Appellee-LJL Mortgage.

PER CURIAM.

Diego Cartwright appeals the final summary judgment of foreclosure entered in favor of LJL Mortgage Pool LLC ("LJL Mortgage"). We reverse because a genuine issue of material fact remains as to whether LJL Mortgage's predecessor, Arch Bay Holding, LLC- Series 2009B ("Arch Bay"), had standing to bring this foreclosure action. We affirm as to the notice of default issue without discussion.

Cartwright and Rachel Young executed and delivered a mortgage to Accredited Home Lender, Inc. ("Accredited"), as husband and wife. Cartwright also executed and delivered a note to Accredited. On October 19, 2009, Arch Bay filed a foreclosure complaint against Cartwright and Young.[1] Arch Bay alleged that it was the owner and holder of the note and

---

[1] The trial court subsequently issued a judicial default against Young.

mortgage. A copy of the mortgage was attached to the complaint, but the note was not attached. The complaint included a count to reestablish a lost note.

In March 2010, the trial court issued an order substituting LJL Mortgage in place of Arch Bay. LJL Mortgage filed a first amended complaint of foreclosure alleging that it was the owner and holder of the note and mortgage. Attached to the complaint was a copy of the note and an allonge with an undated blank endorsement from the original lender.

LJL Mortgage subsequently filed another three amended complaints. In the Verified Fourth Amended Complaint, LJL Mortgage alleged that, as of January 19, 2010, it was entitled to enforce the note as the holder in possession. LJL Mortgage attached copies of the note, allonge, mortgage, and assignments to the complaint. All of the assignments were executed after Arch Bay filed the original complaint.

Cartwright filed an answer and raised several affirmative defenses, including lack of standing. LJL Mortgage filed a motion for summary judgment with supporting affidavits. After a hearing on the motion, the trial court entered a final summary judgment of foreclosure in favor of LJL Mortgage.

The standard of review for an order granting summary judgment is *de novo*. *Jaffer v. Chase Home Fin., LLC*, 155 So. 3d 1199, 1201 (Fla. 4th DCA 2015). "[A]n appellate court must examine the record in the light most favorable to the non-moving party." *Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307 (Fla. 4th DCA 2014). Summary judgment should be entered only when there is no genuine issue of material fact. *Jaffer*, 155 So. 3d at 1201.

Cartwright raised the issue of standing as an affirmative defense. "A *de novo* standard of review applies when reviewing whether a party has standing to bring an action." *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). The plaintiff must prove that it had standing to foreclose when it filed the complaint. *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013). "[S]tanding may be established from a plaintiff's status as the note holder, regardless of any recorded assignments." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2009).

2

As a substituted plaintiff, LJL Mortgage acquires the standing of the original plaintiff, Arch Bay. *See Kiefert v. Nationstar Mortg., LLC,* 153 So. 3d 351, 353 n.4 (Fla. 1st DCA 2014) ("Pursuant to Florida Rule of Civil Procedure 1.260, a substituted plaintiff acquires the standing of the original plaintiff."). Because LJL Mortgage filed the note and allonge with a blank endorsement after the original complaint was filed, it had to provide additional proof that Arch Bay was the holder of the note at the time it filed the original complaint. *See Sosa v. U.S. Bank Nat'l Ass'n,* 153 So. 3d 950, 951 (Fla. 4th DCA 2014) (explaining that the bank had to establish standing through additional evidence, because the original note and allonge contained an undated endorsement and they were filed after the bank filed its complaint); *see also Kiefert,* 153 So. 3d at 353 (explaining that the plaintiff must prove that it had physical possession of the original note, endorsed in favor of the plaintiff or in blank, at the time the plaintiff filed the complaint).

LJL Mortgage filed two affidavits addressing the issue of standing. In the first affidavit, a representative of LJL Mortgage's loan servicer averred that the "Plaintiff had possession of the note prior to the filing of the foreclosure complaint on October 19, 2009." In a separate section of the affidavit, he stated that "the note is endorsed in blank." However, it is not clear from the affidavit whether the note was endorsed in blank at the time Arch Bay filed the complaint. Likewise, LJL Mortgage's second affidavit, in which the servicer's representative merely stated that the "Plaintiff holds the promissory note for this Loan," failed to establish that Arch Bay was in possession of the note and allonge with the blank endorsement at the time Arch Bay filed the original complaint. Because a genuine issue of material fact remains concerning the issue of standing, the trial court improperly granted final summary judgment in favor of LJL Mortgage. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

STEVENSON, GROSS and TAYLOR, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**