Damoorgian, J.
In this residential foreclosure case, U.S. Bank National Association, as Trustee, in Trust on Behalf of J.P. Morgan Mortgage *143 Acquisition Trust 2006-CW2 (“the Bank”) appeals the trial court’s involuntary dismissal of its lawsuit for lack of standing. We reverse because the Bank established its standing to foreclose by virtue of its possession of a note indorsed in blank.
In June of 2014, the Bank filed a one count residential mortgage foreclosure suit against Appellees. In its complaint, the Bank alleged that it was “the holder of the note and entitled to enforce the terms thereof as [the Bank] is in possession of the original note [i]ndorsed in blank.” The Bank filed the original note and mortgage along with its complaint.
The note, which was executed on March 14, 2006, reflected that the original lender was Ocwen Loan Servicing, LLC. The note also bore three undated indorsements, two special and one in blank. One of the special indorsements was transposed with a “VOID” stamp. The other was payable to Countrywide Home Loans, Inc. by Countrywide Bank NA as agent for Ocwen Loan Servicing LLC. The blank indorsement was made by Countrywide Home Loans, Inc. Additionally, an undated al-longe made by Ocwen Federal Bank in favor of Full Spectrum Lending was attached to the note.
The matter proceeded to a bench trial where the Bank introduced testimony from a case manager for the loan’s servicer. The case manager testified that the note was transferred as follows:
Ocwen Loan Servicing, LLC (original lender)
[[Image here]]
Countryside Home Loans, Inc.
[[Image here]]
J.P. Morgan Mortgage Acquisition Corp.
[[Image here]]
J.P. Morgan Acceptance Corporation 1
[[Image here]]
*144 The Bank
The case manager testified that the Bank had possession of the original note indorsed in blank as of October 16, 2013, several months before it filed suit. As to the allonge, the case manager testified that the executor of the allonge, Ocwen Federal Bank, was not ever the owner or holder of the note.
At the conclusion of the Bank’s case, Appellees moved for an involuntarily dismissal on the grounds that the Bank failed to prove it was the holder of the note as pled in its complaint because there was a break in the indorsements. Specifically, Appellees argue that the Bank could not get around the implications of the allonge. The court granted Appellees’ motion, ruling that “I don’t find that you [the Bank] were the holder of a note with a blank indorsement. You’re the holder of a note with a specific indorsement with no authority to be here.” This appeal by the Bank follows.
We review an order denying a motion for involuntary dismissal de novo. Deutsche Bank Nat’l Tr. Co. v. Huber, 137 So.3d 562, 563 (Fla. 4th DCA 2014). “A de novo standard of review [also] applies when reviewing whether a party has standing to bring an action.” Boyd v. Wells Fargo Bank, N.A., 143 So.3d 1128, 1129 (Fla. 4th DCA 2014).
At this juncture in the development of foreclosure law, it is more than well established that a “plaintiff must prove that it had standing to foreclose when the complaint was filed.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). A party may establish standing by showing that it was entitled to enforce the note at the time it filed suit. Id. at 174. “A ‘person entitled to enforce’ an instrument is: ‘(1) [t]he holder of the instrument; (2)[a] non-holder in possession of the instrument who has the rights of a holder; or (3)[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ection] 673.3091 or s[ection] 673.4181(4).’” Murray v. HSBC Bank USA, 157 So.3d 355, 358 (Fla. 4th DCA 2015) (quoting § 673.3011, Fla. Stat. (2013)). A “holder” is “[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” § 671.201(21)(a), Fla. Stat. (2013). “Thus, to be a holder, the instrument must be payable to the person in possession or indorsed in blank.” Murray, 157 So.3d at 358. A holder seeking to enforce a note indorsed in blank must prove that it was in physical possession of the note at the time it filed suit. Vogel v. Wells Fargo Bank, N.A., 192 So.3d 714, 716 (Fla. 4th DCA 2016).
Here, the Bank filed the original note bearing a blank indorsement at the time it filed its lawsuit and in doing so, established that it had physical possession of the note indorsed in blank at the time it filed suit. The weight of case law establishes that this in and of itself was sufficient to establish the Bank’s standing as holder of the note. Purificato v. Nationstar Mortg., LLC, 182 So.3d 821, 823 (Fla. 4th DCA 2016) (“A plaintiff may establish standing by proving that it was in possession of the note with a blank [[Indorsement at the time it filed the complaint.”); Ortiz v. PNC Bank, Nat’l Ass’n, 188 So.3d 923, 925 (Fla. 4th DCA 2016) (possession of original not indorsed in blank at time suit is filed establishes standing); Everhome Mortg. Co. v. Janssen, 100 So.3d 1239, 1240 (Fla. 2d DCA 2012) (“The holder of the original note [[Indorsed in blank has standing.”).
Further, to the extent that there was any question about whether the undated *145 allonge created an issue as to the chain of ownership, the Bank presented sufficient evidence establishing that the allonge was an anomalous indorsement. An “anomalous indorsement” is statutorily defined as an “indorsement made by a person who is not the holder of the instrument.” § 673.2051(4), Fla. Stat. (2013). “An anomalous indorsement does not affect the manner in which the instrument may be negotiated.” Id. (emphasis added).
Here, the allonge purported to be from Ocwen Federal Bank, an entity which had no obvious link to the note—it was not the original lender, and the note was not specially indorsed in its favor. Further, the Bank introduced evidence establishing the chain of transfers beginning with the original lender and ending with the Bank. The chain of transfers was complete and did not include Ocwen Federal Bank. This evidence established that the allonge was not made by a holder of the note and, therefore, per statute, had no effect.
In light of the foregoing, the Bank sufficiently established standing as holder of the Note and, therefore, the court erred in granting Appellees’ motion for involuntary dismissal.

Reversed and remanded.

Ciklin, C.J., and Gerber, J., concur.