DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK SABIDO** and **JONELLE SABIDO,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK, SUCCESSOR TO JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2007-J1, L'HERMITAGE COMMUNITY ASSOCIATION, INC.,** and **CITIBANK,N.A.,**
Appellees.

No. 4D16-2944

[December 20, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE 14-008945.

Roy D. Oppenheim, Geoffrey E. Sherman, Jacquelyn Trask, and Yanina Zilberman of Oppenheim Pilelsky, P.A., Weston, for appellants.

Elliot B. Kula, W. Aaron Daniel, and William D. Mueller of Kula & Associates, P.A., Miami, for appellee, The Bank of New York Mellon.

PER CURIAM.

This is a foreclosure case complicated by multiple transfers of the mortgage and note and by the fact that the original note was lost. The complexity of the case caused the trial to extend over four days between February and June, 2016. Because the appellee Bank[1] failed to comply with the requirements of the lost note statute, we reverse the final judgment of foreclosure.

The plaintiff in a foreclosure case "must tender the original promissory note to the trial court or seek to reestablish the lost note under section

---

[1] According to the answer brief, the appellee is "The Bank of New York Mellon f/k/a The Bank of New York, Successor to JP Morgan Chase Bank, National Association, as Trustee for CWalt, Inc., Alternative Loan Trust 2007-J1."

673.3091, Florida Statutes." *Servedio v. U.S. Bank Nat. Ass'n*, 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010). Here, because the Bank did not tender the original promissory note, it could not enforce the note unless it reestablished the note pursuant to the lost note statute.

Section 673.3091(1), Florida Statutes (2016) provides:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
> > (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
> > (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
> > (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Thus, subsection 673.3091(1)(a) required that the Bank prove one of two things, that it either

> 1. "was entitled to enforce the instrument when loss of possession occurred,"

or

> 2. "has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred."

The Bank did not know when the note was lost, so it could not establish that it was entitled to enforce the instrument when loss of possession occurred. *See Peters v. Bank of New York Mellon*, 227 So. 3d 175, 179 (Fla. 2d DCA 2017). Under the Uniform Commercial Code, the term "person entitled to enforce" an instrument means

> (1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder; or

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).

§ 673.3011, Fla. Stat. (2016).

Here, the original lender was Washington Mutual Bank. Because the note was not indorsed, later transferees were not entitled to enforce it as holders. § 671.201(21)(a), Fla. Stat. (2016). The Bank was then required to comply with the second option in section 673.3091(1)(a) set forth above—the Bank had to establish the chain of transactions leading to its acquisition of ownership, so that it could show that it "acquired ownership" from a person "entitled to enforce the instrument when loss of possession occurred."

A party seeking to reestablish a lost note may meet the statutory requirements "either through a lost note affidavit or by testimony from a person with knowledge." *Home Outlet, LLC v. U.S. Bank Nat'l Ass'n*, 194 So. 3d 1075, 1078 (Fla. 5th DCA 2016).

The only affidavit placed into evidence was the affidavit from an employee of Chase (the entity that took over servicing in 2012). "If the party relies on a lost-note affidavit, the affidavit must establish that whoever lost the note "was entitled to enforce it when the loss of possession occurred; the loss of the note was not the result of a transfer or lawful seizure; and [the bank] cannot reasonably obtain possession of the note because of the loss."" *Id.* (quoting *Figueroa v. Federal National Mortgage Ass'n*, 180 So. 3d 1110, 1114 (Fla. 5th DCA 2015)). The lost note affidavit placed into evidence in this case contained this language:

> 6. *Upon information and belief*, the loss of possession is not the result of the original note being canceled or transferred to by the party seeking to enforce the note.

(emphasis added). In addition, the affidavit was admitted for the sole purpose of establishing that Chase searched its own business records. The affidavit made no reference to "whoever lost the note," did not state that any of the putative transferees, Countrywide, CWALT, Inc., or the Bank, were ever entitled to enforce the note, and did not state unequivocally that the note was not lost as the result of transfer or lawful seizure. In short, the affidavit fell short of the statutory requirements for reestablishing a lost note.

- 3 -

While a lost note may also be reestablished by testimony from a person with knowledge, the Bank's witness was an employee of Chase – a servicer that took over in 2012. By that time, the note had theoretically changed hands three times. The witness did not establish that Countrywide or CWALT were ever entitled to enforce the note.

It was not necessary for the Bank to establish "exactly when, how, and by whom the note was lost." *Boumarate v. HSBC Bank USA, N.A.*, 172 So. 3d 535, 537 (Fla. 5th DCA 2015). The plaintiff was required, however, to prove that it "acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred." § 673.3091(1)(a). As in *Beaumont v. Bank of New York Mellon*, 81 So. 3d 553, 555 (Fla. 5th DCA 2012), the Bank "offered no proof of anyone's right to enforce the note when it was lost." *See also Wells Fargo Bank, N.A. v. Robinson*, 168 So. 3d 1279, 1279 (Fla. 5th DCA 2015) (finding reversible error in admitting a copy of the note into evidence where "Wells Fargo failed to prove who lost the note, when it was lost, and who had the right to enforce the note when it was lost. Wells Fargo also failed to produce any evidence of ownership at the time of the loss.").

Because of a failure of proof under the lost note statute, we reverse and remand for dismissal.

GROSS, MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***