DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL LEWIS** and **ROSANNA LEWIS,**
Appellants,

v.

**US BANK NATIONAL ASSOCIATION, ET AL.,**
Appellee.

No. 4D19-942

[June 17, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Michael Mirman, Judge; L.T. Case No. 2017CA001120.

W. Trent Steele of Steele Law, Hobe Sound, for appellants.

Steven J. Brotman and Douglas R. Sargent of Locke Lord LLP, West Palm Beach, for appellee.

MAY, J.

The bank's failure to prove its case requires us to reverse this foreclosure judgment. The borrowers argue the bank failed to reestablish the lost note and failed to prove standing. We agree and reverse.

The bank sued the borrowers to foreclose the mortgage and reestablish the lost note. A copy of the lost note attached to the complaint showed the borrowers signed the note to the original lender, Bank of America. The copy was neither endorsed in blank, nor made payable to the bank.

The complaint alleged the bank was either in possession of the note when lost or had been assigned the right to enforce the lost note by an entity in possession at the time of its loss. The complaint included two mortgage assignments. The first was from Bank of America to Nationstar, dated June 29, 2013. The second assignment was from Nationstar to the bank, dated June 2, 2016. The second assignment did not assign the note, but rather "all interest secured thereby."

The bank attached an erroneous lost note affidavit signed by the vice-

president of Rushmore Loan Management Services. The lost note affidavit attested that a different entity, Wilmington Savings Fund Society, was the present owner entitled to enforce the note. It also included a chart outlining the note's transfer that did not match the entities involved in the transfer of the note in this case. They were:

- HomeBanc Mortg. Corp. by assignment.
- MERS by assignment.
- EMC Mortg. Corp. by lost note affidavit.
- JP Mortg. Chase Bank, Nat'l Ass'n by corrective assignment.
- Fed. Nat'l Mortg. Ass'n by assignment.
- Wilmington Savings Fund Society by assignment.

The borrowers moved to dismiss the complaint. The bank filed an amended complaint, which included a corrective assignment of the mortgage and three new lost note affidavits. The corrective assignment expressly assigned the note and mortgage from Nationstar to the bank, dated April 28, 2018. The three lost note affidavits included: two affidavits by Bank of America, and a new lost note affidavit by Rushmore that corrected the note's chain of title from the prior affidavit ("second lost note affidavit").

The second lost note affidavit attested:

a) Assignment/Transfer: [Bank of America] to [Nationstar]

b) Assignment/Transfer: [Nationstar] to [bank].

The second lost note affidavit and the two Bank of America affidavits provided neither the dates of the note's transfers, nor established that Bank of America was entitled to enforce the note when lost.

The borrowers moved to dismiss the bank's amended complaint. The trial court denied the motion. The borrowers answered and asserted the bank's lack of standing as an affirmative defense.

The case proceeded to a bench trial. The bank called two witnesses: 1) an employee of Bank of America and Nationstar; and 2) a Rushmore employee. Through their testimony, the bank admitted:

- the assignment of the note and mortgage from Bank of America to Nationstar,

2

- the assignment of the mortgage from Nationstar to the bank,
- the corrective assignment of the note and mortgage from Nationstar to the bank,
- payment histories for each loan servicer,
- hello/goodbye letters,
- notices of servicing transfer and sale of ownership,
- the bank's power of attorney appointing Rushmore as its attorney, and
- the second lost note affidavit.

At the end of the bank's case, the borrowers moved for a judgment of dismissal. They argued the bank failed to prove who lost the note, when it was lost, and who had the right to enforce the note when it was lost. The borrowers argued the bank's corrective assignment of the note and mortgage could not establish standing because it was dated after the complaint was filed. The trial court denied the motion and entered the foreclosure judgment. The borrowers moved for rehearing; the court denied the motion. The borrowers now appeal.

We have de novo review of the standing issue. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014).

The borrowers argue the bank did not have standing to foreclose the mortgage because it did not reestablish the lost note, pursuant to section 673.3091, Florida Statutes; and it cannot rely on its corrective assignment of mortgage to establish standing. The bank responds it reestablished the lost note and its corrective mortgage assignment established standing.

A plaintiff "must prove that it had standing to foreclose when it filed the complaint." *Cartwright v. LJL Mortg. Pool, LLC*, 185 So. 3d 614, 615 (Fla. 4th DCA 2016). "A party may establish standing by showing that it was entitled to enforce the note at the time it filed suit." *JPMorgan Chase Bank Nat'l Ass'n v. Pierre*, 215 So. 3d 633, 636 (Fla. 4th DCA 2017) (quoting *U.S. Bank Nat'l Ass'n v. Becker*, 211 So. 3d 142, 144 (Fla. 4th DCA 2017)).

"A person entitled to enforce an instrument is: (1) [t]he holder of the instrument; (2) [a] nonholder in possession of the instrument who has the rights of a holder; or (3) [a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ections] 673.3091 or [] 673.4181(4), [Florida Statutes]." *Id.* (quoting *Becker*, 211 So. 3d at 144) (first and second alterations in original). Standing may also be established "by either an assignment or an equitable transfer of the [note and]

mortgage prior to the filing of the complaint." *McLean v. JP Mortgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012).

The borrowers argue the bank failed to reestablish possession of the lost note under section 673.3091, Florida Statutes, because it did not prove that it directly or indirectly acquired the note from an entity with the right to enforce the note when it was lost. They suggest the bank's evidence was incomplete, conflicting, and failed to establish the note's chain of title.

The bank responds it reestablished the lost note because it was not required to explain how the note was lost. Even so, the assignments of the note and trial testimony established the note's chain of title. We disagree.

"A trial court's determination of whether a party has reestablished a lost note is reviewed for sufficiency of the evidence." *Home Outlet, LLC v. U.S. Bank Nat'l Ass'n,* 194 So. 3d 1075, 1077 (Fla. 5th DCA 2016). "An appellate court may reverse on finding a failure of proof." *Id.*

Where a promissory note is lost, destroyed, or stolen, section 673.3091, provides:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

*Id.*

"A party seeking to reestablish a lost note may meet the statutory requirements 'either through a lost note affidavit or by testimony from a person with knowledge.'" *Sabido v. Bank of N.Y. Mellon,* 241 So. 3d 865, 866 (Fla. 4th DCA 2017) (quoting *Home Outlet, LLC,* 194 So. 3d at 1078).

The lost note affidavit or testimony need not "establish 'exactly when, how, and by whom the note was lost.'" *Sabido,* 241 So. 3d at 867 (quoting *Boumarate v. HSBC Bank USA, N.A.,* 172 So. 3d 535, 537 (Fla. 5th DCA 2015)). It must, however, prove the party seeking reestablishment of the note acquired ownership from a party with the right to enforce the note

4

when lost. *Id.* At a minimum then, the evidence must establish *who* had the right to enforce the note when it was lost and *how* the party seeking reestablishment obtained ownership. *Id.*

Here the bank's evidence failed to prove that the bank acquired ownership from a party entitled to enforce the note at the time it was lost. The ownership chain was Bank of America, Nationstar, and the bank. Although the bank presented three assignments and testimony establishing the chain of title, the evidence did not establish that Bank of America—the last party in possession of the note—was entitled to enforce the note when it was lost.

The bank's first lost note affidavit attests to a chain of assignments that directly conflict with those attested to in the second lost note affidavit. Even if the two were consistent, none of the lost note affidavits attest that Bank of America was entitled to enforce the note when it was lost. *See Sabido*, 241 So. 3d at 867. Like the affidavit in *Sabido*, the affidavits only provided "[o]n *information and belief*, after due diligence, possession of the note cannot reasonably be obtained because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person." And, neither witness could fill in the missing information.

Because the bank failed to establish that it acquired ownership of the note from a party entitled to enforce it at the time it was lost, the trial court erred in finding the note was reestablished. *See, e.g., Wells Fargo Bank, N.A. v. Robinson*, 168 So. 3d 1279 (Fla. 5th DCA 2015).

The borrowers next argue the trial court erred in finding that the corrective assignment of mortgage transferred the note to the bank because the word "note" was not included in the original assignment of mortgage, and the corrective assignment could not be given retroactive effect. The bank responds the evidence established Nationstar transferred the note to the bank and the corrective assignment of the mortgage was dated prior to the suit's inception.

"[A]n assignment of mortgage, even if executed before the foreclosure action commenced, is insufficient to prove standing where the assignment reflects transfer of only the mortgage, not the note." *Tilus v. AS Michai LLC*, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015).

Here, the bank introduced two assignments from Nationstar to the bank. The first assigned the mortgage "with all interest secured thereby." The corrective assignment included both the mortgage and the note, but

was dated after commencement of the foreclosure action. A trial court cannot retroactively convey standing because "[a] plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed and cannot be established retroactively by acquiring standing to file a lawsuit after the fact." *Monnot v. U.S. Bank, Nat'l Ass'n,* 188 So. 3d 896, 901 (Fla. 4th DCA 2016) (quoting *LaFrance v. U.S. Bank Nat'l Ass'n,* 141 So. 3d 754, 756 (Fla. 4th DCA 2014)).

Because the bank failed to prove the original lender, Bank of America, was entitled to enforce the note when it was lost, the trial court erred in finding the bank proved standing and entering the foreclosure judgment.

*Reversed.*

WARNER and CONNER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

6