DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

U.S. BANK TRUST, N.A., as trustee for LSF9 Master
Participation Trust,

Appellant,

v.

TINA A. RODRIGUEZ a/k/a Tina K. Rodriguez; UNKNOWN
SPOUSE OF TINA E. RODRIGUEZ a/k/a Tina K. Rodriguez;
UNITED STATES OF AMERICA on behalf of SECRETARY OF
HOUSING AND URBAN DEVELOPMENT, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee
for Urban Financial Group, Inc.

Appellees.

No. 2D2023-1694
_____

November 22, 2024

Appeal from the Circuit Court for Manatee County; Charles Sniffen, Judge.

Adam A. Diaz, Roy A. Diaz, and Kathleen Achille of Diaz Anselmo & Associates, P.A., Fort Lauderdale, for Appellant.

John P. Fleck, Jr., Bradenton, for Appellee Tina A. Rodriguez.

No appearance for Appellees United States of America on behalf of Secretary of Housing And Urban Development and Mortgage Electronic Registration Systems, Inc.

NORTHCUTT, Judge.

U.S. Bank Trust, N.A., as trustee for the LSF9 Master Participation Trust, appeals the judgment for the defense in a foreclosure proceeding.

The trial court's ruling was based largely on its finding that U.S. Bank had failed to reestablish a note that was lost during the pendency of the suit. We reverse and remand for further proceedings.

"A plaintiff in a foreclosure action must establish standing to enforce the note both at the time the complaint was filed and at trial." *Wilmington Sav. Fund Soc'y v. Charm-B, Inc.*, 363 So. 3d 1119, 1121 (Fla. 2d DCA 2023). The trial court correctly determined that U.S. Bank established its standing at the inception of the foreclosure action. U.S. Bank attached to its complaint (1) a sworn certification by U.S. Bank's counsel that it had verified its possession and the location of the original note and (2) a copy of the original note with two allonges, both made specially in U.S. Bank's favor. At trial, U.S. Bank introduced that copy of the note into evidence through the testimony of a litigation representative for Fay Servicing, the company that had boarded the loan during this litigation and was the current servicer for the loan.

The error we find on appeal concerns U.S. Bank's standing at the time of trial. To prove its standing at trial, U.S. Bank had to reestablish the lost note. Under section 673.3091(1), Florida Statutes (2017), it was required to prove three facts:

> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

2

U.S. Bank's proof satisfied all three elements. First, the servicer's litigation representative walked the court through the documents reflecting all transfers of the note. This testimony established that U.S. Bank directly acquired ownership of the instrument from a person who was entitled to enforce the instrument or that it was itself the owner of the note up until the time it was lost. The evidence showed that the note was twice specially indorsed to U.S. Bank with no other indorsements and that U.S. Bank had been the owner of the note for several years before filing the foreclosure complaint. *See* § 673.2051(1) ("When specially indorsed, an instrument becomes payable to the identified person . . . ."); *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013) ("A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note."); *Dixon v. Express Equity Lending Grp.*, 125 So. 3d 965, 967–68 (Fla. 4th DCA 2013) (holding that a note that is specially indorsed to a named entity establishes that entity's standing to bring a foreclosure action).

The homeowner did not question the indorsements, and it presented no evidence to contradict U.S. Bank's ownership or suggest that there was any other owner who could enforce the note. Therefore, the unbroken—and in this case rather brief—chain of assignments established that U.S. Bank satisfied the first statutory requirement for reestablishing the note. *See Charm-B*, 363 So. 3d at 1122 (holding that an "unbroken" chain of assignments proved who was authorized to enforce a note at any given time to satisfy this element of reestablishing a lost note); *see also Bank of N.Y. Mellon v. Kardok*, 367 So. 3d 512, 516

3

(Fla. 4th DCA 2023) (applying section 673.3091(1)(a) to find reestablishment of a lost note under similar facts).

Second, U.S. Bank demonstrated that the note was not lost as a result of a transfer or lawful seizure. The Fay Servicing representative described how the servicer had conducted a 45-day, 400-point boarding process that included verification of the documents and the history of the loan at issue. It was during that review that the servicer discovered that the original note had been lost but also determined that the note had never been transferred or seized from U.S. Bank's control.

Finally, the representative detailed Fay Servicing's diligent search for the lost note—which included contacting prior bailees of the note—and its conclusion that the note's whereabouts could not be determined. This testimony satisfied the third element of section 673.3091(1).

With all three statutory elements satisfied, the trial court should have concluded that U.S. Bank had successfully reestablished the note. Yet the court erroneously found the opposite. This error occurred because the court placed a loftier burden on U.S. Bank than the statute requires. In its written judgment, the court explained that it ruled against U.S. Bank because the servicer's representative did not explain "how the note was lost, nor the circumstances surrounding its loss." But section 673.3091 requires no such proof. This court and others have expressly held that "[i]t is not necessary . . . that the affidavit or testimony establish 'exactly when, how, and by whom the note was lost.' " *Charm-B*, 363 So. 3d at 1121 (quoting *Boumarate v. HSBC Bank USA, N.A.*, 172 So. 3d 535, 537 (Fla. 5th DCA 2015)).

Accordingly, we reverse the judgment on appeal and remand for further proceedings consistent with this opinion.

4

SLEET, C.J., and LABRIT, J., Concur.

_____

Opinion subject to revision prior to official publication.